BUFFALO GERMAN INS. CO. v. TITLE GUARANTY & TRUST CO. OF
SCRANTON, PA.

(Supreme Court, Special Term, Erie County.   July 9, 1906.)

INDEMNITY—CONSTRUCTION—LIABILITY OF GUARANTOR.

An indemnity bond guarantying plaintiff against loss of deposits by the failure of a bank was conditioned that, if the bank should repay to plaintiff all moneys deposited, together with all interest accrued or which might thereafter accrue, on call, and such sums as plaintiff should require, without delay, then the obligations should be void, etc.   There was nothing in the bond limiting the deposits to the amount of the penalty of the bond, and on the failure of the bank the deposits were as much again as the amount of such penalty.   *Held*, that plaintiff, was entitled, after deducting the whole sum received as dividends from the bank's assets from the gross amount of the deposits, to recover from the guarantor the residue of the debt up to the penalty of the bond.

Action by the Buffalo German Insurance Company against the Title Guaranty & Trust Company of Scranton, Pa.   On demurrer to partial defense in defendant's answer.   Sustained.

Loran L. Lewis, for plaintiff.
William H. Cuddeback, for defendant.

KENEFICK, J.   The action is to recover on a bond in the penal sum of $50,000, executed and delivered on September 27, 1904, to the plaintiff by the German Bank as principal and the defendant as surety, conditioned:

"That if the said German Bank shall repay to the said Buffalo German Insurance Company of Buffalo all moneys now deposited with the said German Bank or which may hereafter be deposited in the said German Bank by the·said Buffalo German Insurance Company of Buffalo, together with all interest which has accrued or may hereafter accrue upon such deposits, upon call, and such sums as the said Buffalo Insurance Company of Buffalo shall require, without delay, then this obligation to be void; otherwise to be and remain in full force and virtue."

At the time the bond was executed and delivered the insurance company had on deposit in the bank about $80,000, and the deposits fluctuated almost daily from that time down to December 5, 1904, on which date the bank closed its doors, and did not resume business.   On the latter date the insurance company had on deposit with the bank $103,136.16. Subsequently the bank was adjudged insolvent and a receiver appointed. The insurance company filed proofs of claim with the receiver for the full amount of its deposits, and the receiver has paid to it 50 per cent. of its deposits, or $51,568.08 as dividends thereon, leaving unpaid upwards of $50,000 of its deposits.   The foregoing facts are set out in the complaint, and judgment is asked against the surety company for $50,-000, the penalty of the bond, with interest.

· Defendant has answered, setting up as a partial defense that of the dividends received by the plaintiff $25,000 should be applied in reduction of the defendant's liability on the bond, and that such sum was a payment to the plaintiff for and on account of the defendant's liability in the bond, and that the application of such payment leaves due to the plaintiff from the defendant $27,355, with interest thereon from Novem-

ber 2, 1905, which the defendant is willing to pay or allow judgment therefor upon provision being made that all future dividends declared and paid on account of plaintiff's deposits in the bank be divided between the plaintiff and the defendant in the ratio which $50,000, the penalty of the bond, bears to the excess of plaintiff's deposits over $50,000.

The plaintiff demurs to this partial defense as insufficient in law upon the face thereof. The question thus presented is whether the plaintiff has the right to deduct the whole sum received as dividends from the gross amount of the debt, and to hold the defendant liable in the bond for the residue of the debt up to the extent of the bond; or whether the dividends received by the plaintiff are to be applied ratably to the whole debt, as well the part covered by the bond as the part which was left uncovered, and consequently a ratable deduction is to be made to the surety for the sum covered by the bond.

The question appears to be novel in our jurisdiction, although in the English courts it has arisen upon engagements somewhat similar to that contained in this bond, and has been much discussed. The earliest adjudged case is Ex parte Rushforth, 10 Vesey, 409 (1805), and the numerous subsequent cases are reviewed in Ellis v. Emanuel, 1 Ex. D. (L. R. 1876) 157. The English cases recognize this somewhat subtle distinction, depending upon the true nature of the surety's engagement, viz., Was the guaranty of the whole debt with a limitation on the liability of the surety? If so, the principal may retain all the dividends, and hold the surety for the residue of the debt up to the extent of the bond. Or, was the guaranty of a limited part of the debt? If so, the dividends are to be applied to the whole debt, and the surety is entitled to a ratable deduction for the sum covered by the bond. This distinction, although somewhat elusive, rests upon a logical basis, namely, the intention of the parties as gathered from the obligation. The only limitation in the bond in suit is in the amount of the penalty. The condition, for a breach of which the penalty becomes chargeable to the surety, is that the bank will repay to the plaintiff all moneys now deposited, or which may hereafter be deposited, upon call. There is no express limitation as to the amount of the deposits, and there is no ground for the inference that the deposits should not exceed the penalty of the bond. The condition of the bond is the repayment to the plaintiff of all of its deposits, and the penalty becomes effective to the extent of the amount thereof unless that condition is fulfilled. The language of the bond, in connection with the admitted fact that the amount of moneys on deposit with the bank at the time of the execution and deliveryof the bond was largely in excess of the penalty of the bond, indicates that the true engagement of the parties was to secure the plaintiff for any unpaid balance to the extent of the penalty of the bond in case of the insolvency of the bank. In nearly all of the English cases above referred to the form of the obligation was quite different from that of the bond in suit. One of the exceptions is Ex parte Rushforth, 10 Vesey, 410. In that case, however, there was a provision for notice to the surety before forfeiture of the bond, and the lord chancellor attached much weight to this stipulation for notice, as raising an inference that the advances of the creditor to the debtor should not exceed the penalty of the bond. No such inference is permissable in the case at bar from anything in the

language of the bond, and such an inference is rebutted by the fact that this bond secures the moneys on deposit at the time of its execution and delivery, which then largely exceeded the penalty of the bond.

The views herein above expressed lead to the conclusion that the defendant is not entitled to a reduction of the penalty on account of the dividends paid, and the demurrer must be sustained.